# Exhibit A

December 21, 2017

Sam Kaplan
Chief Privacy Officer/Chief FOIA Officer
The Privacy Office
U.S. Department of Homeland Security
245 Murray Lane SW
STOP-0655
Washington D.C. 20528-0655

**Re:    Freedom of Information Act / Privacy Act Request**

To Whom It May Concern:

This is a request under the Freedom of Information Act (5 U.S.C. § 552(a)) for records and communications pertaining to the Department of Homeland Security ("DHS") Countering Violent Extremism ("CVE") Grant program. Specifically, this request is for records relating to the grant opportunity "DHS-16-OCP-132-00-01", administered by the Office for Community Partnerships ("OCP"), as well as other related DHS programs and initiatives. Please forward this request to the appropriate officer or department within the DHS.

**Definitions**

Please note that in this request,

   a) The term "record(s)" includes, but is not limited to, all records and/or communications preserved in electronic form (including metadata) and/or written form, including but not limited to correspondence, e-mails, documents, data, videotapes, audio tapes, photographs, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, field notes, orders, policies, procedures, legal opinions, protocols, reports, rules, talking points, technical manuals, technical specifications, training manuals, studies, print records, telephone records, electronic communications, transcribed conversations, or any other record of any kind; and

   b) The term "communication(s)" shall include documents and any oral statements made and/or transmitted by any person, in the forms of facts, ideas, inquiries, or otherwise.

**Documents Requested**

   1) All records and communications transmitted between the DHS or representatives of said agency and "Junaid Afeef," "Junaid Afif," the "Illinois Criminal Justice Information Authority," or the "ICJIA" which is listed on the DHS website as the recipient of $187,877 in CVE grant money, including various spellings of any of these names.
   2) All records and communications generated since January 1, 2010 that mention, refer, or relate to a "Targeted Violence Prevention Program" or "TVPP," and "Countering Violent Extremism" or "CVE" and/or "radicalization" and/or "counter-radicalization."

3) All records and communications, applications, requests, or proposals submitted to the DHS or the Office for Community Partnerships in response to the grant opportunity "DHS-16-OCP-132-00-01."

4) All "requests for proposal" transmitted between the DHS and third party organizations since January 1, 2010 that mention, refer, or relate to "countering violent extremism" or "CVE" and/or "radicalization" and/or "counter-radicalization."

5) All records and communications transmitted between the DHS or representatives of said agency and the "Council of Islamic Organizations of Greater Chicago", the "CIOGC", or representatives thereof since January 1, 2006.

6) All records and communications generated since January 1, 2010 that mention, refer, or relate to the "Muslim American Leadership Association" or "MALA."

7) All records and communications transmitted between the DHS or representatives of said agency and the "Muslim American Leadership Association," "MALA", or representatives thereof since January 1, 2010.

**Fees**

This is an organizational request by the Arab American Action Network for the purpose of educating and empowering our community about their legal rights. This request is eligible for a waiver or reduction of fees because it is in the public interest as defined by 5 U.S.C § 552(a)(4)(A)(iii), as the disclosure of the information "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." The disclosure would help the public understand the operations and activities of the U.S. Government with regard to the Arab American community and vice versa. Please notify us in advance if any fees are expected to be associated with this request.  If the records are likely to exceed 250 pages in length, we request DHS provide us with a digital copy of the file on a CD-ROM in lieu of paper files.

**Conclusion**

If this request is denied in whole or in part, we ask that the DHS justify all deletions by reference to specific FOIA exemptions. we request that the DHS release all portions that can be segregated from otherwise exempt material, and reserve the right to appeal a decision to withhold any records. We expect to receive a response within twenty days, pursuant to 5 U.S.C. § 552(a)(6)(A)(i). If you have any questions regarding the processing of this request, please contact me by email at hatem@aaan.org. Thank you for your prompt attention to this matter.

Sincerely,

Hatem Abudayyeh
Executive Director
Arab American Action Network
3148 W. 63rd Street
Chicago, IL 60629
hatem@aaan.org

# Exhibit B

December 21, 2017

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001

**Re:    Freedom of Information Act / Privacy Act Request**

To Whom It May Concern:

This is a request under the Freedom of Information Act (5 U.S.C. § 552(a)) for records and communications pertaining to the Department of Justice ("DOJ") Community Roundtable program. Specifically, this request is for records relating to the DOJ's operations in Chicago, as mentioned in the DOJ's May 25, 2016 press release entitled "U.S. Attorney Zachary T. Fardon Hosts Fourth Community Roundtable to Discuss Strengthening Trust Between the Public and Law Enforcement." Please forward this request to the appropriate officer or department within the DOJ.

**Definitions**

Please note that in this request,

a) The term "record(s)" includes, but is not limited to, all records and/or communications preserved in electronic form (including metadata) and/or written form, including but not limited to correspondence, e-mails, documents, data, videotapes, audio tapes, photographs, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, field notes, orders, policies, procedures, legal opinions, protocols, reports, rules, talking points, technical manuals, technical specifications, training manuals, studies, print records, telephone records, electronic communications, transcribed conversations, or any other record of any kind; and

b) The term "communication(s)" shall include documents and any oral statements made and/or transmitted by any person, in the forms of facts, ideas, inquiries, or otherwise.

**Documents Requested**

1) All records and communications generated or produced since January 1, 2010 that mention, refer, or relate to "Community Roundtables" in Chicago and "Countering Violent Extremism" or "CVE" and/or "radicalization" and/or "counter-radicalization."
2) All records and communications that mention, refer, or relate to the "community roundtable" held at Kennedy-King College on May 25, 2016.
3) The lists of invitees and attendees at the "community roundtable" held at Kennedy-King College on May 25, 2016.

4) All records and communications from the "community roundtable" held at Kennedy-King College on May 25, 2016, including any and all notes, minutes, recordings, or transcriptions from the discussion.

5) All records and communications that mention, relate, or refer to the "Council of Islamic Organizations of Greater Chicago" or "CIOGC" and the DOJ's "community roundtable" program.

6) All records and communications transmitted between the DOJ or representatives thereof and the "Council of Islamic Organizations of Greater Chicago," the "CIOGC," or representatives thereof since January 1, 2010.

7) All records and communications that mention, relate, or refer to the "Arab American Action Network," the "AAAN," "Hatem Abudayyeh," or "Abudayyeh" and the DOJ's "community roundtable" program, including various spellings of any of these names.

**Fees**

This is an organizational request by the Arab American Action Network for the purpose of educating and empowering our community about their legal rights. This request is eligible for a waiver or reduction of fees because it is in the public interest as defined by 5 U.S.C § 552(a)(4)(A)(iii), as the disclosure of the information "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." The disclosure would help the public understand the operations and activities of the U.S. Government with regard to the Arab American community and vice versa. Please notify us in advance if any fees are expected to be associated with this request. If the records are likely to exceed 250 pages in length, we request the DOJ provide us with a digital copy of the file on a CD-ROM in lieu of paper files.

**Conclusion**

If this request is denied in whole or in part, we ask that the DOJ justify all deletions by reference to specific FOIA exemptions. We request that the DOJ release all portions that can be segregated from otherwise exempt material, and reserve the right to appeal a decision to withhold any records. We expect to receive a response within twenty days, pursuant to 5 U.S.C. § 552(a)(6)(A)(i). If you have any questions regarding the processing of this request, please contact me by email at hatem@aaan.org.

Thank you for your prompt attention to this matter.

Sincerely,

Hatem Abudayyeh
Executive Director
Arab American Action Network
3148 W. 63rd Street
Chicago, IL 60629
hatem@aaan.org

# Exhibit C

December 21, 2017

Federal Bureau of Investigation
Attn: FOIA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

**Re:    Freedom of Information Act / Privacy Act Request**

To Whom It May Concern:

This is a request under the Freedom of Information Act (5 U.S.C. § 552(a)) for records and communications pertaining to the Federal Bureau of Investigation ("FBI") and its relationship with the Council of Islamic Organizations of Greater Chicago ("CIOGC"). Please forward this request to the appropriate officer or department within the DHS.

**Definitions**

Please note that in this request,

a)  The term "record(s)" includes, but is not limited to, all records and/or communications preserved in electronic form (including metadata) and/or written form, including but not limited to correspondence, e-mails, documents, data, videotapes, audio tapes, photographs, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, field notes, orders, policies, procedures, legal opinions, protocols, reports, rules, talking points, technical manuals, technical specifications, training manuals, studies, print records, telephone records, electronic communications, transcribed conversations, or any other record of any kind; and

b)  The term "communication(s)" shall include documents and any oral statements made and/or transmitted by any person, in the forms of facts, ideas, inquiries, or otherwise.

**Documents Requested**

1)  All records and communications transmitted between the FBI or representatives of said agency and the "Council of Islamic Organizations of Greater Chicago," the "CIOGC," or representatives thereof since January 1, 2006.

2)  All records and communications generated or produced since January 1, 2006, which mention, relate, or refer to the "Council of Islamic Organizations of Greater Chicago" or the "CIOGC".

**Fees**

This is an organizational request by the Arab American Action Network for the purpose of educating and empowering our community about their legal rights. This request is eligible for a

waiver or reduction of fees because it is in the public interest as defined by 5 U.S.C §
552(a)(4)(A)(iii), as the disclosure of the information "is likely to contribute significantly to
public understanding of the operations or activities of the government and is not primarily in the
commercial interest of the requester." The disclosure would help the public understand the
operations and activities of the U.S. Government with regard to the Arab American community
and vice versa.

Please notify us in advance if any fees are expected to be associated with this request. If the
records are likely to exceed 250 pages in length, we request the FBI provide us with a digital
copy of the file on a CD-ROM in lieu of paper files.

**Conclusion**

If this request is denied in whole or in part, we ask that the FBI justify all deletions by reference
to specific FOIA exemptions. We request that the FBI release all portions that can be segregated
from otherwise exempt material, and reserve the right to appeal a decision to withhold any
records. We expect to receive a response within twenty days, pursuant to 5 U.S.C. §
552(a)(6)(A)(i).

If you have any questions regarding the processing of this request, please contact me by email at
hatem@aaan.org

Thank you for your prompt attention to this matter.

Sincerely,


Hatem Abudayyeh
Executive Director
Arab American Action Network
3148 W. 63rd Street
Chicago, IL 60629
hatem@aaan.org

# Exhibit D

**U.S. Department of Homeland Security**
Washington, DC 20528



*Privacy Office, Mail Stop 0655*

January 23. 2018

**SENT VIA EMAIL TO: hatem@aaan.org**

Hatem Abudayyeh
Arab American Action Network
Executive Director
3148 W. 63rd Street
Chicago, IL 60629

Re: 2018-HQFO-00437

Dear Mr. Abudayyeh:

This letter is the final response to your December 21, 2017 Freedom of Information Act (FOIA) request addressed to the Department of Homeland Security (DHS). You requested copies of 1) All records and communications transmitted between the DHS or representatives of said agency and "Junaid Afeef," "Junaid Afif," the "Illinois Criminal Justice Information Authority," or the "ICJIA" which is listed on the DHS website as the recipient of $187,877 in CVE grant money, including various spellings of any of these names. 2) All records and communications generated since January 1, 2010 that mention, refer, or relate to a "Targeted Violence Prevention Program" or "TVPP," and "Countering Violent Extremism" or "CVE" and/or "radicalization" and/or "counter-radicalization." 3) All records and communications, applications, requests, or proposals submitted to the DHS or the Office for Community Partnerships in response to the grant opportunity "DHS-l 6-OCP-132-00-01." 4) All "requests for proposal" transmitted between the DHS and third party organizations since January 1, 2010 that mention, refer, or relate to "countering violent extremism" or "CVE" and/or "radicalization" and/or "counter-radicalization." 5) All records and communications transmitted between the DHS or representatives of said agency and the "Council of Islamic Organizations of Greater Chicago", the "CIOGC", or representatives thereof since January 1, 2006. 6) All records and communications generated since January 1, 2010 that mention, refer, or relate to the "Muslim American Leadership Association" or "MALA." 7) All records and communications transmitted between the DHS or representatives of said agency and the "Muslim American Leadership Association," "MALA", or representatives thereof since January 1, 2010. This office received your request on January 2, 2018.

The DHS/Privacy Office undertook a search for responsive records and located information responsive to items 3 and 4 of your request that can be accessed online: CVE Grants Awarded https://www.dhs.gov/publication/cve-grants-awarded and General Records: https://www.dhs.gov/publication/countering-violent-extremism .

Pursuant to 5 U.S.C. § 552 (a)(2), DHS need not make available under FOIA records that are published. The records online consist of twenty-six grants application packages consisting of 1,100 pages of responsive records, of the 1,100 pages 916 have been released in full and 184 pages have been withheld in part pursuant to 5 U.S.C. § 552(b)(5) and (b)(6). DHS/PRIV has also withheld in full 231 grant applications that were not awarded, consisting of 7,780 pages, those records were withheld pursuant to 5 U.S.C. § 552(b)(5).

If you deem this to be an adverse determination, you may exercise your appeal rights. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter, to: Privacy Office, Attn: FOIA Appeals, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0655, Washington, D.C. 20528-0655, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS FOIA regulations are available at www.dhs.gov/foia.

After careful review of items 1, 2, 5, 6, and 7 of your FOIA request, we determined that your request is too broad in scope or did not specifically identify the records which you are seeking. Records must be described in reasonably sufficient detail to enable government employees who are familiar with the subject area to locate records without placing an unreasonable burden upon the agency. For this reason, 6 C.F.R. Part 5 §5.3(b) of the DHS FOIA regulations require that you describe the records you are seeking with as much information as possible to ensure that our search can locate them with a reasonable amount of effort. Whenever possible, a request should include specific information about each record sought, such as the date, title or name, author, recipients, and subject matter of the records, if known, or the DHS component or office you believe created and/or controls the record. The FOIA does not require an agency to create new records, answer questions posed by requesters, or attempt to interpret a request that does not identify specific records.

Please resubmit your request containing a reasonable description of the records you are seeking for items 1, 2, 5, 6, and 7. This is not a denial of your request. Upon receipt of a perfected request, you will be advised as to the status of your request. If we do not hear from you within 30 days from the date of this letter, we will assume you are no longer interested in this FOIA request, and the case will be administratively closed.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees. In this instance, because the cost is below the $25 minimum, there is no charge.

If you need any further assistance or would like to discuss any aspect of your request, please contact the analyst below who processed your request and refer to **2018-HQFO-00437**. You may send an e-mail to foia@hq.dhs.gov, call 202-343-1743 or toll free 1-866-431-0486, or you may contact our FOIA Public Liaison in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests

made under the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

*Maura Busch*

Maura Busch
Government Information Specialist

# Exhibit E

March 14, 2018

Maura Busch
Government Information Specialist
The Privacy Office
U.S. Department of Homeland Security
245 Murray Lane SW
STOP-0655
Washington D.C. 20528-0655

     **Re:**    2018-HQFO-00437

Dear Ms. Busch:

Please be advised that Hatem Abudayyeh has retained the Community Activism Law Alliance (CALA) to represent him in this Freedom of Information Act (FOIA) request. Please direct all correspondence to our office.

We are in receipt of your January 23, 2018 response to Mr. Abudayyeh's FOIA request submitted on December 21, 2017. Below, please find a response to your request for a reasonable description of the records being sought in items 1, 2, 5, 6, and 7. We have also included a response/request for clarification regarding the information provided in response to requests in items 3 and 4.

1) This request for records is sufficiently detailed to enable DHS personnel to locate them with a reasonable amount of effort, pursuant to 6 C.F.R. §5.3(b). Specifically, the name of the author(s) and recipient(s) of the records and communications being requested have been provided to assist in the records search. Please provide the requested information or provide a more detailed account as to why the request is not clear or overbroad.

2) In order to narrow the scope of the request, Mr. Abudayyeh seeks all records and communications generated since January 1, 2010 that mention, refer, or relate to a "Targeted Violence Prevention Program" or "TVPP."

3) Please confirm that information found online at https://www.dhs.gov/publication/cve-grants-awarded and https://www.dhs.gov/publication/countering-violent-extremism, is the only information in possession of the Department of Homeland Security ("DHS") that is responsive to Item 3 in Mr. Abudayyeh's original request. If DHS is in possession of additional responsive records or communications, please provide them to us.

4) Please confirm that information found online at https://www.dhs.gov/publication/cve-grants-awarded and https://www.dhs.gov/publication/countering-violent-extremism, is the only information in possession of DHS that is responsive to Item 4 in Mr. Abudayyeh's original request. If DHS is in possession of additional responsive records or communications, please provide them to us.

5) This request for records is sufficiently detailed to enable DHS personnel to locate them with a reasonable amount of effort, pursuant to 6 C.F.R. §5.3(b). Specifically, the name of the author(s) and recipient(s) of the records being requested have been provided to assist in the records search. Please provide the requested information or provide a more detailed account as to why the request is not clear or overbroad.

6) This request for records is sufficiently detailed to enable DHS personnel to locate them with a reasonable amount of effort, pursuant to 6 C.F.R. §5.3(b). Specifically, Mr. Abudayyeh had provided search terms that should provide responsive records and/or communications. Please provide the requested information or provide a more detailed account as to why the request is not clear or overbroad.

7) This request for records is sufficiently detailed to enable DHS personnel to locate them with a reasonable amount of effort, pursuant to 6 C.F.R. §5.3(b). Specifically, the name of the author(s) and recipient(s) of the records and communications being requested have been provided to assist in the records search. Please provide the requested information or provide a more detailed account as to why the request is not clear or overbroad.

If you have any questions regarding this response, please contact me by email at nick@calachicago.org, or by phone at 708-250-6345. Thank you for your prompt attention to this matter.

Sincerely,

Nicholas Bedenk
Staff Attorney
Community Activism Law Alliance
17 N. State St., Ste. 1380
Chicago, IL 60602
nick@calachicago.org

# Exhibit F

**U.S. Department of Justice**



_Washington, D.C. 20530_

December 29, 2017

Hatem Abudayyeh
Arab American Action Network
3148 W. 63rd Street
Chicago, IL 60629

Dear Sir/Madam:

This is in response to your request for records, Tracking Number, MRU-FOIA -63-81. Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ). Federal agencies are required to respond to a FOIA request within 20 business days. This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought, or ten business days after the request is received in this office, whichever is earlier.

We have referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records. All future inquiries concerning the status of your request should be addressed to the office(s) listed below:

> FOIA/PA
> Executive Office for U.S. Attorneys
> Department of Justice
> Room 7300
> 600 E Street, N.W.
> Washington, DC 20530-0001
> (202) 252-6020

Sincerely,

MRUFOIA
Logistics Management
Facilities and Administrative Services Staff
Justice Management Division

# Exhibit G

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 3, 2018

MR. HATEM ABUDAYYEH
3148 WEST 63RD STREET
CHICAGO, IL 60629

FOIPA Request No.: 1392514-000
Subject: Council of Islamic Organizations of
Greater Chicago (01/01/2006 to Present)

Dear Mr. Abudayyeh:

This is in response to your Freedom of Information Act (FOIA) request. The FBI has completed its search for records responsive to your request.  Below you will also find informational paragraphs relevant to your request.  Please read each item carefully.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify any main file records responsive to your request.  If you have additional information pertaining to the subject of your request, please provide us with such details, and we will conduct an additional search.

Since no responsive main files were located, it is unnecessary to adjudicate your request for a public interest fee waiver.

Please be advised per standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.  Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

Enclosure

# Exhibit H

Community
Activism
Law
Alliance

17 N. State St., Ste. 1380
Chicago, IL 60602
Phone: (312) 999-0056
Fax: (312) 999-0076
www.calachicago.org

Director, Office of Information Policy
U.S. Dept. of Justice
1425 New York Ave., Ste. 11050
Washington D.C., 20530-0001

Re: <u>FREEDOM OF INFORMATION ACT APPEAL FOIA REQUEST NO: 1392514-000</u>

Dear Director:

  Please be advised that my organization, Community Activism Law Alliance ("CALA"), has been retained by Arab American Action Network ("AAAN") to represent its interests regarding the above captioned matter. On behalf of AAAN, we are appealing the Federal Bureau of Investigation's ("FBI") response to AAAN's request for records pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), assigned FOIA Request No. 1392512-000 ("FOIA Request"). For the reasons set forth below, the FBI has violated the FOIA by failing to conduct an adequate records search.

AAAN intends to pursue legal action, pursuant to 5 U.S.C. § 552(a)(4)(B), if the FBI refuses to disclose all responsive records without further delay, in accordance with FOIA's disclosure mandate and federal policies, or at a minimum, to justify withholding this information from disclosure.

<u>FACTUAL BACKGROUND ABOUT AAAN'S FOIA REQUEST</u>

  On December 21, 2017, AAAN sent a FOIA request to the FBI. <u>Attachment A (AAAN's December 21, 2017 FOIA Request to FBI)</u>. In its request, AAAN sought the following records from the FBI:

  1) All records and communications transmitted between the FBI or representatives of said agency and the "Council of Islamic Organizations of Greater Chicago," the "CIOGC," or representatives thereof since January 1, 2006.

  2) All records and communications generated or produced since January 1, 2006, which mention, relate, or refer to the "Council of Islamic Organizations of Greater Chicago" or the "CIOGC". *Id.*

On January 3, 2018, AAAN received a response from Records Management Division Section Chief David M. Hardy informing AAAN, "Based on the information you provided, we conducted a search of the *Central Records System*. We were unable to identify any *main file records* responsive to your request." <u>Attachment B (FBI's January 3, 2018 Response Letter)</u> (emphasis added).

AAAN appeals the FBI's denial of its FOIA request and the sufficiency of the FBI's search.





17 N. State St., Ste. 1380
Chicago, IL 60602
Phone: (312) 999-0056
Fax: (312) 999-0076
www.calachicago.org

## DISCUSSION

The FBI failed to conduct an adequate search for responsive records. An agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). "[T]he agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Id.* In assessing the adequacy of a search, a court will look to a "standard of reasonableness" that depends on the facts of the case at issue. *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

Here, AAAN requested documents concerning the Council of Islamic Organizations of Greater Chicago ("CIOGC"), but the FBI failed to search its Chicago field office, nor for that matter, any other field office, for responsive records. Instead, the FBI only searched its Central Record System for main file records. Therefore, the FBI did not conduct a reasonable search of record systems that could produce records responsive to AAAN's request. As a result, to remedy its FOIA violation, the FBI must conduct a search of all record systems, including records at all of its field offices, that are likely to produce the requested information and release responsive records immediately.

## CONCLUSION

The FBI's failure to search any record system, outside of its Central Record System, was improper, inadequate, and in violation of FOIA. Thus, the FBI must adequately search for and produce all responsive records within 20 days, as required by 5 U.S.C. § 552(a)(6)(A)(ii).

We expect a timely resolution of this matter. Please do not hesitate to contact me at (312) 647-7928 or nick@calachicago.org with any questions regarding this appeal. All records and any related correspondence should be sent to my attention at the address below.


Sincerely,
Nicholas Bedenk
Staff Attorney
Community Activism Law Alliance
17 N. State St., Ste. 1380
Chicago, IL 60602
nick@calachicago.org
(312) 647-7928
(312) 999-0076 (fax)



1425 New York Avenue N.W.
Suite 11050
Washington, DC 20005

Nicholas Bedenk
CALA
17 N. State Street
Suite 1380
Chicago, IL 60602

April 4, 2018

Dear Nicholas Bedenk,

     This is to advise you that your administrative appeal from the action of the FBI regarding Request No. 1392514-000 was received by the Office of Information Policy at the U.S. Department of Justice on 04/03/2018.

     The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2018-003729. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

     We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

Priscilla Jones

Supervisory Administrative Specialist

# Exhibit I



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Nicholas Bedenk, Esq.
Community Activism Law Alliance
Suite 1380
17 North State Street         Re:      Appeal No. DOJ-AP-2018-003729
Chicago, IL 60602                Request No. 1392514
nick@calachicago.org         SRO:JMB

**VIA: FOIAonline**

Dear Mr. Bedenk:

       You appealed on behalf of your client, the Arab American Action Network, from the action of the Federal Bureau of Investigation on its Freedom of Information Act request for access to various records concerning the Council of Islamic Organizations of Greater Chicago, for the period from January 1, 2006 to the present. I note that your appeal concerns the FBI's response dated January 3, 2018, and the adequacy of the search conducted for responsive records.

       After carefully considering your appeal, and as a result of discussions between FBI personnel and this Office, I am remanding your client's request to the FBI for a further search for responsive records. If the FBI locates releasable records, it will send them to you directly, subject to any applicable fees. You may appeal any future adverse determination made by the FBI. If you would like to inquire about the status of this remand, please contact the FBI directly.

       If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

       If your client is dissatisfied with my action on your appeal, the FOIA permits it to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

       Sincerely,

5/9/2018

X ~~_Sean O'Neill_~~

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: OIP